RANDY LUSKEY (SBN 240915)
rluskey@orrick.com
LACEY BANGLE (SBN 284773)
lbangle@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

WALTER C. HOLTON, JR. (*Pro Hac Vice*)
wholton@walterholton.com
CHERYL D. ANDREWS (*Pro Hac Vice*)
candrews@walterholton.com
HOLTON LAW FIRM, PLLC
857 W. Fifth Street
Winston-Salem, NC 27101
Telephone:   336-777-3480
Facsimile:   336-722-3478

*Attorneys for Defendant*
*Carolina Liquid Chemistries Corp.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RANDY REAGAN and JAMES LONGFIELD; and STATE OF CALIFORNIA, STATE OF TEXAS, STATE OF MICHIGAN, STATE OF NEW YORK, STATE OF NORTH CAROLINA ex rel. RANDY REAGAN and JAMES LONGFIELD,<br><br>Plaintiff,<br><br>v.<br><br>CAROLINA LIQUID CHEMISTRIES CORP., a Delaware Corporation; PATRICIA SHUGART, an individual; and PHIL SHUGART, an individual,<br><br>Defendant. | Case No. 13-CV-01497-JST<br><br>**DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 USC § 1440(a)**<br><br>Date:   Feb. 10, 2021<br>Time:   2:00 p.m.<br>Judge:   Honorable Jon S. Tigar<br>Ctrm:   6 |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................... 1

STATEMENT OF RELIEF SOUGHT ..................................................................................... 1

I. PARTIES ........................................................................................................................ 1

II. BACKGROUND ............................................................................................................ 2

    A. Procedural History.............................................................................................. 2

III. STATEMENT OF FACTS ............................................................................................ 2

IV. STATEMENT OF THE LAW ...................................................................................... 4

V. ARGUMENT ................................................................................................................. 5

    A. The Case Could Have Been Brought in North Carolina ......................... 5

    B. Case-by-Case Determination ................................................................. 6

        1. Convenience of the Parties Favors North Carolina .................................. 6

        2. Convenience of the Witnesses Strongly Favors North Carolina................. 6

        3. Transfer is in the Interests of Justice ........................................................... 7

    C. Plaintiff's Choice of Forum/Deference ................................................. 7

VI. CONCLUSION .............................................................................................................. 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                             **Page(s)**

*Amini Innovation Corp. v. JS Imports, Inc.*,
   497 F. Supp. 2d 1093 (C.D. Cal. 2007) .................................................................................. 4

*Bank of Bozeman v. Bancinsure, Inc.*,
   No. CV-08-05-BU-CSO, 2008 WL 11347993 (D. Mont. June 26, 2008) ................................ 4

*Broad. Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*,
   No. CV 06-1190JFWSSX, 2006 WL 1582091 (C.D. Cal. June 6, 2006) ................................ 6

*Cadenasso v. Metro. Life Ins. Co.*,
   No. 13-cv-05491-JST, 2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) ..................................... 4

*Cambridge v. Millard Refrigerated Servs., Inc.*,
   No. C 12-146 CW, 2012 WL 1755750 (N.D. Cal. May 16, 2012) ....................................... 6, 7

*Cutera, Inc. v. Lutronic Aesthetics, Inc.*,
   No. 20-CV-00235-KJM-DB, 2020 WL 4937129 (E.D. Cal. Aug. 24, 2020) ........................... 4

*Hall v. Ikon Office Sols., Inc.*,
   No. C 05-001036 WHA, 2005 WL 1629806 (N.D. Cal. July 8, 2005) ................................... 6

*Hoffman v. Blaski*,
   363 U.S. 335 (1960) ................................................................................................................ 4

*Inc. v. Audio Video Color Corp.*,
   No. C 13-03307 SI, 2013 WL 5568345 (N.D. Cal. Oct. 9, 2013), *overruled on other
   grounds by TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) ....... 6

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ........................................................................................... 3, 4, 6

*Metz v. U.S. Life Ins. Co. in City of New York*,
   674 F. Supp. 2d 1141 (C.D. Cal. 2009) .................................................................................. 6

*Ruff v. Del Monte Corp.*,
   No. C 12-05251 JSW, 2013 WL 1435230 (N.D. Cal. Apr. 9, 2013) ....................................... 5

*Schwartz v. Frito-Lay N. Am.*,
   No. C-12-02740 EDL, 2012 WL 8147135 (N.D. Cal. Sept 12, 2012) .................................... 5

*Sec. Inv'r Prot. Corp. v. Vigman*,
   764 F.2d 1309 (9th Cir. 1985) ................................................................................................ 5

*Seealso, Vista Healthplan, Inc., v. Amgen, Inc.*,
   No. CV 07-3711 PSG, 2007 WL 4144893 (C.D. Cal. Nov. 13, 2007) .................................... 7

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ......................................................................................................... 4

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ....................................................................................................... 4

*Wells v. Cingular Wireless LLC*,
    No. C 06-03191 WHA, 2006 WL 2792432 (N.D. Cal. Sept. 27, 2006) ........................ 5

*Wood v. Best Buy Co. Inc.*,
    No. 11-1877 SC, 2011 WL 3740812 (N.D. Cal. Aug. 25, 2011) ................................... 6

**Rules and Statutes**

Fed. R. Civ. P.
    Rule 9(b) .......................................................................................................................... 2

28 U.S.C.
    § 1404(a) ............................................................................................................... 1, 3, 4, 5

31 U.S.C.
    § 3279 *et seq.* ................................................................................................................. 1
    § 3732(a) ..................................................................................................................... 2, 5

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on **February 10, 2021 at 2:00 p.m.** or as soon thereafter as the matter may be heard before the Honorable Jon S. Tigar of the United States District Court for the Northern District of California, in Courtroom 6 on the 2nd Floor, located at 1301 Clay Street, Oakland, CA 94612.  Defendant Carolina Liquid Chemistries Corporation (CLC) will and hereby does move this Court for an order transferring venue of this matter to the United States District Court for the Middle District of North Carolina.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities below, the Declaration of Walter C. Holton, Jr., and all pleadings, records, and papers on file in this action, and such other and further oral argument or documentary evidence as may be presented at or before the hearing.

Counsel for Defendant has conferred with counsel for the relators and the relators do not consent to the transfer of venue of this matter to the Middle District of North Carolina.

## STATEMENT OF RELIEF SOUGHT

CLC respectfully submits this memorandum of law in support of their motion to change venue to from the Northern District of California to the Middle District of North Carolina pursuant to 28 U.S.C. § 1404(a).

**I.    PARTIES**

Defendant CLC is a Delaware corporation, which is headquartered in Greensboro, North Carolina, that manufactures and sells chemistry analyzers, supplies, and services for use in clinical laboratories.  ECF No. 83 ¶¶ 3, 21.  CLC has been in operation for over 26 years.  ECF No. 83 ¶ 3.

Relators Reagan and Longfield are both competitors of CLC in the chemistry equipment industry – Reagan owns a competing chemistry supply company based in Norfolk, Virginia, and Longfield is a chemistry and laboratory industry consultant, based in Denver, Colorado.   ECF No. 83 ¶¶ 15, 16.

## II. BACKGROUND

### A. Procedural History

Relators Randy Reagan and James Longfield initiated this case on April 3, 2013, by filing under seal a *qui tam* Complaint alleging violations by CLC of the FCA, 31 U.S.C. § 3279 *et seq.*, and similar state statutes. ECF No. 1. Over the next six years, the Court granted numerous motions by the United States to maintain the case under seal for purposes of investigation. ECF Nos. 4, 8, 12, 13, 14, 15, 17, 18, 19, 21, 24.

On October 18, 2018, over five years after the original complaint, Relators filed the FAC under seal, adding corporate officers Patricia Shugart and Phil Shugart as individual defendants. ECF No. 25. On October 23, 2018, the United States declined to intervene in the lawsuit and the case was unsealed. ECF No. 27.

On March 19, 2019, Defendants filed a motion to dismiss all claims. ECF No. 54. On July 16, 2019, the Court entered an order dismissing all claims against all defendants citing Relators' failure to describe CLC's alleged fraudulent marketing scheme with sufficient particularity as set out in Federal Rule of Civil Procedure 9(b). The Court granted Relators leave to amend their complaint. ECF No. 62.

On August 6, 2019, Relators filed the SAC. ECF No. 63. On September 6, 2019, Defendants filed a motion to dismiss the SAC. ECF No. 70. On December 6, 2019, the Court entered an Order Granting Defendants' Motion to Dismiss the SAC, again granting leave to amend. ECF No. 81. On January 17, 2020, Relators filed the TAC. ECF No. 83. Defendants filed a Motion to Dismiss the Third Amended Complaint on February 21, 2020. ECF No. 88. On August 20, 2020, the Court issued an Order granting in part and denying in part the Motion to Dismiss the Third Amended Complaint; the Order dismissed the matter with prejudice against defendants Phil Shugart and Patricia Shugart, leaving CLC as the lone Defendant in the case. ECF No. 100.

## III. STATEMENT OF FACTS

In their third amended complaint (TAC), Relators allege that, "Venue is proper under 31

1   U.S.C. § 3732(a) as defendants transact business in the Northern District of California." ECF No.
2   83, ¶ 13.  However, the TAC offers limited support for the venue allegation.  The TAC alleges that
3   CLC "is a Delaware corporation that conducts business in the Northern District of California.  Its
4   principal office is in Brea, CA." ECF No. 83 ¶ 21.  CLC's Answer specifically denies that its
5   principal office is in Brea California.  Answer, ECF No. 123 ¶ 21.  Rather, CLC's principal office
6   is in North Carolina and has been located there since 2007.  *See* Declaration of Walter C. Holton,
7   Jr. in Support of Defendant's Motion to Transfer Venue ("Holton Decl.").  The TAC further claims,
8   "Over 300 Carolina Liquid customers are found in more than twenty-three states, with the most
9   customers in California, Michigan, New York, North Carolina and Texas." ECF No. 83 ¶ 134.
10  Thereafter, the TAC lists physicians and clinics alleged to have used CLC's services and submitted
11  claims to Medicare or Medicaid.  This list specifies only one location in Roseville, CA, (Eastern
12  District of California) while the remainder are located in other states including three in North
13  Carolina.  ECF No. 83 ¶ 140.  Beyond these general allegations, the TAC contains no specific
14  underlying actions occurring in the Northern District of California.

15      To the contrary, the TAC specifically alleges underlying conduct in Winston-Salem, NC,
16  stating that, "[a]lso between 2010 and 2013, as Carolina Liquid was growing, they began to
17  expand their non-sales team.  As part of the search, Carolina Liquid interviewed an individual to
18  run their service team.  The interview took place in or around 2011 in Winston-Salem." ECF No.
19  83 ¶108.  Further the TAC alleges that Phil Shugart and Patricia Shugart are residents of North
20  Carolina.  ECF No. 83 ¶¶ 22, 23.  In fact, the Shugarts have resided in North Carolina
21  continuously since 2007.  Holton Decl., ¶ 2.

22      Likewise, the TAC references a meeting at the Beckley Pain Clinic in Beckley, West
23  Virginia that occurred in February 2014. ECF No. 83 ¶132. Beckley, W. Va. is 161 miles from
24  Winston-Salem, N.C., approximately a 2.5 hour drive. The TAC specifies the pain clinic "account
25  manager and two employees of the pain clinic" as witnesses to the meeting. *Id.*

26      Furthermore, all exhibits attached to the TAC specifically list Winston-Salem, NC as the
27  office address for CLC.  ECF No. 83, pp. 50-155.  As further evidenced by the attached
28

declaration, numerous witnesses for CLC are located in North Carolina, as are all relevant documents, records, and materials. Holton Decl. ¶¶ 2, 4.

## IV. STATEMENT OF THE LAW

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The district court has broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) is to ""prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *See Jones*, 211 F.3d at 498.

Courts considering transfer must engage in a two-step analysis. First, courts determine whether the action could have been brought in the target district. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Second, courts undertake an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). "That analysis considers the convenience of the parties, the convenience of the witnesses, and the interests of justice, as understood through the following eight factors: '(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.' The moving party bears the burden of establishing the factors in favor of

1  transfer." *Cadenasso v. Metro. Life Ins. Co.*, No. 13-cv-05491-JST, 2014 WL 1510853, at *4 (N.D. Cal. Apr. 15, 2014), citing *Jones*, 211 F.3d at 498-99.

3  "In line with this burden, the so-called 'convenience factors' cannot be established with reliance on vague generalizations. Rather, the party bearing the burden must identify key witnesses to be called and present a generalized statement of what their testimony would include." *Bank of Bozeman v. Bancinsure, Inc.*, No. CV-08-05-BU-CSO, 2008 WL 11347993, at *3 (D. Mont. June 26, 2008), citing *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007). "In considering whether to transfer venue, the court may consider facts outside the pleadings, including declarations." *Cutera, Inc. v. Lutronic Aesthetics, Inc.,* No. 20-CV-00235-KJM-DB, 2020 WL 4937129, at *2 (E.D. Cal. Aug. 24, 2020), citing *Cadenasso*, 2014 WL 1510853, at *2 n.2.

**V.  ARGUMENT**

   **A.   The Case Could Have Been Brought in North Carolina**

"In order for a district court to transfer an action under Section 1404, the court must find that the transferee court is one where the action 'might have been brought.'" *Ruff v. Del Monte Corp.*, No. C 12-05251 JSW, 2013 WL 1435230, at *2 (N.D. Cal. Apr. 9, 2013). In order to evidence the jurisdiction is one where the action might have been brought, all that is required to be shown is that the Court would have subject matter jurisdiction over the action, would have personal jurisdiction over the defendants and would have been a proper venue. *See* 28 U.S.C. § 1404(a); *Wells v. Cingular Wireless LLC*, No. C 06-03191 WHA, 2006 WL 2792432, at *2 (N.D. Cal. Sept. 27, 2006).

CLC is headquartered in North Carolina. At the time of the filing of this action, and during all relevant years alleged in the TAC, CLC has been located Middle District of North Carolina. Venue in the Middle District of North Carolina is therefore proper as the location where CLC resides and transacts business. 31 U.S.C. § 3732(a).

### B.    Case-by-Case Determination

As to the case-by-case consideration pursuant to 1404(a), "the plain language of the statute requires the Court to consider at least three factors in deciding whether to transfer a claim to another court: (1) convenience of the parties; (2) convenience of witnesses; and (3) the interest of justice." *Schwartz v. Frito-Lay N. Am.,* No. C-12-02740 EDL, 2012 WL 8147135, at *4 (N.D. Cal. Sept 12, 2012). This Court's jurisdiction further requires that the Court weigh Plaintiffs' choice of forum. *See Sec. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985).

#### 1.    Convenience of the Parties Favors North Carolina

As previously noted, CLC and a great number of its relevant witnesses reside in North Carolina. Holton Decl. ¶¶ 2, 4. All of CLC's evidentiary materials and equipment are in North Carolina. *Id.* ¶¶ 2, 3. Neither of the realtors reside in California. ECF No. 83 ¶¶ 15, 16.

#### 2.    Convenience of the Witnesses Strongly Favors North Carolina

"The convenience of witnesses is often the most important factor in deciding whether to transfer an action." *Cambridge v. Millard Refrigerated Servs., Inc*., No. C 12-146 CW, 2012 WL 1755750, at *3 (N.D. Cal. May 16, 2012) (citing *Bunker v. Union Pac. R.R. Co*., No. C 05-04059, 2006 WL 193856, at *2 (N.D. Cal. Jan. 23, 2006)). Moreover, '[t]he convenience of nonparty witnesses is a more important factor than the convenience of party witnesses." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). Comparable to *Cambridge*, the vast majority of all non-party witnesses are in North Carolina. *See Cambridge*, 2012 WL 1755750, at *3; Holton Decl. ¶ 4. In particular, the TAC identifies non-party witnesses to meetings that occurred in Winston-Salem and in Beckley, W. Va.

##### a.    Access to Proof

Hand-in-hand with the convenience of the parties and witnesses, this Court should also consider "the ease of access to sources of proof." *Jones*, 211 F.3d a 498-499. The attached Declaration establishes that all records, evidence and equipment relevant to the trial of this case are in North Carolina. Holton Decl. ¶ 2. This factor also favors transfer unless the relators can establish "'with particularity the location, difficulty of transportation, and the importance' of

1  records or documents" in the Northern District of California.  *See, e.g., Reflex packaging, Inc. v.*
2  *Audio Video Color Corp.*, No. C 13-03307 SI, 2013 WL 5568345, at *5 (N.D. Cal. Oct. 9, 2013),
3  *overruled on other grounds by TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct.
4  1514 (2017).  Such a finding is simply not the case here.

### 3. Transfer is in the Interests of Justice

Transferring this case to the Middle District of North Carolina will promote judicial efficiency.  This factor "alone can be decisive." *Wood v. Best Buy Co. Inc.*, No. 11-1877 SC, 2011 WL 3740812, at *1 (N.D. Cal. Aug. 25, 2011).

### C. Plaintiff's Choice of Forum/Deference

"Where the forum lacks a significant connection to the activities alleged in the complaint,' the degree to which courts defer to the plaintiff's chosen venue is 'substantially reduced.'" *Broad. Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*, No. CV 06-1190JFWSSX, 2006 WL 1582091, at *3 (C.D. Cal. June 6, 2006).   As set forth in *Hall v. Ikon Office Sols., Inc.*, No. C 05-001036 WHA, 2005 WL 1629806, at *5 (N.D. Cal. July 8, 2005), where the underlying acts of the relators' claims do not take place in California, the selected forum, the relators' choice of forum is given minimal weight in determining whether transfer is appropriate.  *Seealso, Vista Healthplan, Inc., v. Amgen, Inc.,* No. CV 07-3711 PSG, 2007 WL 4144893, at *4 (C.D. Cal. Nov. 13, 2007).   That is particularly true here, where Relators are not residents of the forum.  *See Cambridge*, 2012 WL 1755750, at *2 ("[T]o discourage forum shopping, a non-resident plaintiff's choice of venue is not given substantial deference.")  (citing *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001)).

## VI. CONCLUSION

WHEREFORE, for the reasons set forth herein, CLC respectfully requests that the Court grant this Motion to Change Venue and transfer this case to the Middle District of North Carolina.

1  DATED: December 21, 2020         ORRICK, HERRINGTON & SUTCLIFFE LLP

                                    BY: _____/s/ Randy Luskey_____
                                              RANDY LUSKEY

                                    The Orrick Building
                                    405 Howard Street
                                    San Francisco, CA  94105-2669
                                    Telephone:   415-773-5700
                                    Facsimile:   415-773-5759


                                    WALTER C. HOLTON, JR. (*Pro Hac Vice*)
                                    CHERYL D. ANDREWS (*Pro Hac Vice*)
                                    HOLTON LAW FIRM, PLLC
                                    857 W. Fifth Street
                                    Winston-Salem, NC  27101
                                    Telephone:   336-777-3480
                                    Facsimile:   336-722-3478

                                    *Attorneys for Defendant*
                                    *Carolina Liquid Chemistries Corp.*