UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CAROLINA LIQUID CHEMISTRIES, CORP., et al.,<br><br>Defendants. | Case No. 13-cv-01497-JST   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 133, 134 |

The parties have filed a joint discovery letter brief at ECF No. 133. In ECF No. 134, the relators followed up with some exhibits in support of their arguments. In ECF No. 133, Defendant argues that Relator Randy Reagan violated the protective order in this action. Defendant states that "CLC submits that sanctions are appropriate in the form of an order by the Court denying Mr. Reagan and his counsel further access to the confidential documents of CLC and reimbursement to CLC for attorney fees associated with this issue." In ECF No. 135, Judge Tigar referred ECF No. 133 (and other discovery matters) to the undersigned, noting that "[t]he magistrate judge may issue a ruling, order more formal briefing, or set a telephone conference or a hearing."

The Court concludes that more formal briefing is appropriate. ECF No. 133 is a motion for sanctions. Civil Local Rule 7-8 states in relevant part that "[a]ny motion for sanctions, regardless of the sources of authority invoked, must comply with the following:  (a) The motion must be separately filed and the date for hearing must be set in conformance with Civil L.R. 7-2; (b) the form of the motion must comply with Civil L.R. 7-2 . . ." Civil Local Rule 7-2(a) states

that a motion must be set on 35 days' notice. And Civil Local Rule 7-2(b) specifies the "form" a motion must take, namely, that of a typical brief. A joint discovery letter brief that requests sanctions does not comply with Civil Local Rule 7-2(a) or (b) and therefore violates Civil Local Rule 7-8. In plain English, sanctions must be sought in a noticed motion.

This requirement is not a mere technicality. Most discovery disputes are about relevance and proportionality, and many of them do not require extended discussion of the Federal Rules of Civil Procedure or case law. The informality of a joint discovery letter brief is therefore well suited to resolving most discovery disputes.

Sanctions are a different matter, especially the type of sanctions sought here. An order barring not only Mr. Reagan but also all of his attorneys from further access to any of the Defendant's confidential documents sounds like it could be close to terminating sanctions, depending on how many of its documents Defendant has designated confidential. The parties' letter brief, however, contains no discussion of any pertinent legal authorities. The Defendant does not say what Rule or Rules it is moving under, and neither side discusses any legal precedents in which courts have or have not been willing to impose such a remedy in situations analogous to what happened here. This lack of legal analysis could be fine in a discovery dispute about, for example, how many document custodians are appropriate or whether certain RFPs are overbroad. But before the Court is willing to consider a remedy such as this, it would like to receive more formal briefing.

In addition, Defendant seeks reimbursement of the attorneys' fees it incurred associated with this issue. However, nearly all of the information that the Court needs to evaluate the appropriateness of a fee request – how many hours were billed, discussion concerning the reasonableness of the hours billed, what the billable rates are, evidence on whether the rates are reasonable, and so on – is omitted from the letter brief. It does not appear that the Court could make an informed decision based on the current record.

Accordingly, the Court denies ECF No. 133 without prejudice to Defendant filing a proper motion for sanctions under Civil Local Rule 7 directed to the undersigned's attention. That motion is due no later than November 10, 2021.

1 | This order terminates ECF Nos. 133 and 134.
2 | **IT IS SO ORDERED.**
3 |
4 | Dated: November 2, 2021
5 |
6 | THOMAS S. HIXSON
United States Magistrate Judge